MOORE v. ELDRIDGE.

(Supreme Court, Appellate Division, Third Department. March 11, 1903.)

1. APPEAL—REVIEW—PREPONDERANCE OF EVIDENCE.
    Where the evidence does not clearly preponderate in plaintiff's favor, a second judgment for defendant will not be set aside.

Appeal from Special Term, Essex county.

Action by William Moore against Taylor J. Eldridge. Judgment for defendant upon the decision of the court at Special Term dismissing plaintiff's complaint, and plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and LYON, JJ.

King & Angell (J. S. L'Amoreaux, of counsel), for appellant.
Nash Rockwood, for respondent.

PARKER, P. J. Upon a former appeal in this action from a similar judgment rendered in the defendant's favor, we reversed the judgment and granted a new trial for reasons stated in the opinion, which may be found in 8 App. Div. 613, 40 N. Y. Supp. 594, and where the nature of the action and the general facts of the case are fully stated. It is not necessary to repeat them here. The new trial has again re-

sulted in defendant's favor, and the plaintiff again appeals, claiming that the facts are not substantially different from those appearing upon the former trial, and that for the reasons there given the judgment should be again reversed.

The main question in the case, and the one which controlled upon the former appeal, is a question of fact entirely, to wit, which party has located upon the ground the west line of lot 57 as it was located in 1802 by the survey then made by Benjamin Pond. The plaintiff claimed that the survey recently made by Colvin had discovered and located it correctly, and, according to such survey, it was so far west that the garnet mine in dispute was upon the east side of such lot, and therefore upon his property. The defendant claimed that the survey made by Arnold, and more recently by Young, had found and correctly located such line, and, according to it, the mine was on the west side of the lot, and therefore on his property. Upon the former appeal it was thought by this court, that, upon the evidence, the survey of Arnold seemed to have been made for the purpose of locating the correct west line of lot 57, rather than to find the line which Pond's survey designated and located upon the ground as such line. And it seemed to the court, from that record, that it was more probable that Colvin had found the actual and original Pond line than that Arnold had; and so a new trial was granted. The Trial Court, with its attention directed to the precise question to be decided, has again determined that the Arnold line is the one that should be accepted as the one laid down and located by Pond in 1802. The case has this time been tried by both parties upon the theory that it was the Pond line, only, which was to control; and the evidence upon that precise question is most conflicting. I am not able, from the evidence, to satisfy myself whether either Arnold or Colvin has found the precise line which Pond fixed as the west line of lot 57. There are strong arguments to be made in favor of each, and there is some doubt as to either being correct. But the evidence is not so clearly preponderating in favor of the Colvin, or plaintiff's, line, as to warrant us in again setting aside the decision of the Trial Court. The defendant was in possession, and the burden was upon the plaintiff to show that the Arnold line did not correctly indicate the west line of lot 57 as fixed and located by the Pond survey. The Trial Court was not satisfied that he had done so, and therefore dismissed his complaint.

As to the exceptions taken by appellant to the admission or rejection of evidence, none of them present error for which the judgment should be reversed.

I conclude, therefore, that the judgment must be affirmed, with costs. All concur.